

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2008

# Pacholec v. Home Depot USA Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3593

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pacholec v. Home Depot USA Inc" (2008). *2008 Decisions.* Paper 466.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/466

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3593

_____

MIECZYSLAW PACHOLEC, individually
and on behalf of all other
similarly situated individuals,

Appellant

v.

HOME DEPOT U.S.A. INC.,
a Delaware corporation

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-00827)
District Judge: Honorable Peter G. Sheridan

_____

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2008

_____

Before: BARRY, AMBRO, and JORDAN, Circuit Judges

(Opinion filed: September 30, 2008)

_____

OPINION

_____

AMBRO, Circuit Judge

Home Depot offers do-it-yourselfers who rent tools from it the option of

purchasing a "Damage Waiver" for an additional fee.  The plaintiffs, who represent a

putative class of renters that opted for the waiver, seek damages under New Jersey's

Consumer Fraud Act, N.J. STAT. ANN. § 56:8-2, because they allege that it was

"worthless" because it "add[ed] no protection not already provided by Home Depot's

standard rental agreement."[1]  Pl. Br. at 2.  After considering the plaintiffs' arguments, the

District Court granted summary judgment in Home Depot's favor.  We affirm.

## I.

On appeal, the plaintiffs argue that "[t]here is . . . no situation in which the

Damage Waiver will ever apply; it excludes coverage for the only exposure the renter has

under the contract, which is liability for damage caused by improper use," and therefore

Home Depot was not entitled to summary judgment.  Pl. Br. 4.  To assess their claims, we

must construe the Rental Agreement and Damage Waiver, read as a whole and informed

by the ordinary meaning of the words they contain, to determine whether there is a

question of fact as to the extent of the agreements' protections *vis a vis* each other, and

thus whether the Damage Waiver provides any protection above and beyond that offered

---

[1] The New Jersey Consumer Fraud Act prohibits "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing . . . concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment."  N.J. STAT. ANN. § 56:8-2.  This includes the sale of worthless products.  *Kugler v. Romain*, 279 A.2d 640, 651 (N.J. 1971).  Because the parties are sufficiently diverse, the District Court had jurisdiction pursuant to 28 U.S.C. § 1332(d).  We have jurisdiction pursuant to 28 U.S.C. § 1291.

by the Rental Agreement. *Vanguard Telecommc'ns, Inc.* v. *S. New England Tel. Co.*, 900 F.2d 645, 651 (3d Cir. 1990); FED. R. CIV. P. 56.

## II.

The Rental Agreement places the risk of loss on the renter in every instance, though it excuses that renter from paying for the "reasonable wear and tear resulting from proper use." By comparison, the Damage Waiver relieves the customer of "liability for accidental damage to [the tool], but not for any losses or damages due to theft, burglary, misuse or abuse, theft by conversion, intentional damage, disappearance or any loss due to [the renter's] failure to care properly for such equipment in a prudent manner." Although the plaintiffs argued that these provisions are essentially two ways of saying the same thing, the District Court disagreed.

> First, plaintiff incorrectly equates reasonable wear and tear resulting from proper use with damage that occurs during ordinary use of a rented tool . . . . A carpet cleaner could be damaged during proper use besides 'wear and tear' such as damage occurring from the machine accidentally hitting a wall or falling down a stairway . . . [T]he plaintiffs agreed that if the compactor was struck by lightning[,] that may be an instance where the Damage Waiver would provide coverage. Similarly, plaintiffs conceded that if the tool was damaged in the course of transportation (*i.e.*, fell off a truck)[,] the Damage Waiver would also provide coverage in that instance . . . . This would be an accidental damage that does not occur during use. As a result, the Court finds that the Damage Waiver does provide coverage for certain types of losses and[,] accordingly, the Damage Waiver does have value [because] it modifies the broad allocation of risk . . . by relieving the renter from liability for accidental damage to the tool – both when the tool is being used properly and when the tool is not being used at all.

Supp. App. 34-35 (internal quotations and citations omitted).

The plaintiffs claim that the Rental Agreement's "Repair or Replacement" clause

3

undermines the District Court's conclusion because it expressly calls for renters' liability when damage is caused by an improper use. The clause provides: "[I]f [the tool] is unsafe or in disrepair because of my improper use or maintenance, I will bear the expense of such replacement repair." Accordingly, to credit the plaintiffs' construction, we must read the word "only" into this provision, as in "only if the tool is unsafe . . . because of my improper use . . . , I will bear the expense." If we were to do so, it would change the clause from one highlighting an instance where the renter is liable into one broadly limiting the renter's liability to only those instances – even though the contract read as a whole shows no such intention. We are not prepared to take this tack.

### III.

Because we agree with the District Court's reasoning, we affirm the entry of summary judgment in favor of Home Depot.